IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAUREEN UCHE,

    *Plaintiff*,

    v.

                                   Civil Action No. ELH-13-00878

MONTGOMERY HOSPICE, INC;
ROBERT WASHINGTON,

    *Defendants*.

## MEMORANDUM

In March 2013, plaintiff Maureen Uche, who is now self-represented,[1] filed claims against defendants Montgomery Hospice, Inc., her former employer, and Robert Washington, a former supervisor, for violations of the Fair Labor Standards Act and State wage claims. ECF 1. Since then, plaintiff has repeatedly refused to comply with court orders issued in an attempt to move her case forward. Among other things, she twice failed to attend scheduled depositions. And, as to the most recently scheduled deposition on July 10, 2014, she ignored four court orders compelling her presence.

Several matters are pending, including defendants' "Motion to Dismiss for Failure to Comply with Court Orders" ("Motion," ECF 81), which is defendants' third motion to dismiss.[2]

---

[1] Plaintiff was represented by counsel at the outset of the case. In July 2013, plaintiff moved to dismiss her attorney (ECF 20) and her attorney moved to withdraw (ECF 21). At the time, the case was assigned to Judge Alexander Williams, Jr. He granted counsel's motion to withdraw (ECF 23). The case was transferred to me in November 2013 because of Judge Williams's then impending retirement. *See* Docket.

[2] Defendants initially moved to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim, but that motion was denied as moot after plaintiff amended her complaint. *See* Order of Judge Williams, ECF 15. Their second motion to dismiss was also their second motion for sanctions. *See* ECF 53 (motion for "Sanctions/Dismissal"); ECF 32 (first motion for sanctions).

In their supporting memorandum ("Memo," ECF 81-1), defendants seek dismissal of Uche's claims, with prejudice, under Fed. R. Civ. P. 37(b)(2), Memo at 6, as well as an award of "attorney's fees and costs incurred in preparing for and attending the Court ordered July 10[, 2014,] deposition and in preparing th[e] Motion." *Id*. at 14.   Plaintiff filed an opposition ("Opposition," ECF 85; 85-1); and defendants filed a reply (ECF 87).   The Motion has been fully briefed, and no hearing is necessary to resolve it.   *See* Local Rule 105.6.   For the reasons that follow, I will grant the Motion, with modified relief.

## Factual Background

 Uche's first deposition was scheduled for October 21, 2013.   Prior to October 21, 2013, defendants sent several letters to Uche regarding her deposition.   ECF 34-2 at 11, 13-20. Nevertheless, Uche failed to attend the duly noted deposition.   *See* Deposition Transcript of Oct. 21, 2013, ECF 34-2 (failure to attend); Notice of Deposition, ECF 34-2 at 17.   Defendants filed their first motion for sanctions two days later.   *See* ECF 32.   Uche did not expressly oppose that motion in writing.   *See generally* Docket, ELH-13-00878.   However, she attended a hearing on the motion (and other motions) held by Magistrate Judge Day on January 24, 2014.   *See* Transcript of Motions Hearing, ECF 59.

At the hearing, Uche claimed that defendants never responded to her letter of September 12, 2013 (*see* ECF 34-2 at 12), in which she offered October 21, 2013, as a date on which she was available, and that "it was a [de]position that was planned to punish the Plaintiff for filing the motion to compel." *Id*. at 48.[3]   Judge Day denied the sanctions motion.   *Id*. at 52.   He stated: "I am left with the conclusion that while [Uche's behavior] looks and smells like bad faith, it is

---

[3] Plaintiff had filed a motion to compel production of documents on September 30, 2013. ECF 28; *see also* ECF 30.   That motion was granted in part and denied in part.   *See* ECF 49.

merely bad misunderstanding of what is required, very bad misunderstanding, particularly, in light of all the efforts that the defense made to try to point out to you your obligations and/or duty to respond appropriately." He reminded Uche of her obligation to comply with the Local Rules and with "all other applicable Federal Rules of Procedur[e]." *Id.* at 52 (citing Local Rule 101.1). In consultation with the parties, Judge Day then set a new time, date, and location for Uche's deposition. *Id.* at 52-54.

Uche attended this second scheduled deposition, on February 4, 2014. *See* Deposition Transcript of Feb. 4, 2014, ECF 53-4. However, she repeatedly stonewalled defendants' questions on basic matters. *Id.* at 26:3 to 50:6 (refusing to answer questions about her resume); 187:9 to 206:4 (refusing to answer questions about how she estimated the total number of hours allegedly performed in excess of forty each week over the course of her employment). Twice, Judge Day was consulted by phone and ordered Uche to answer defendants' questions; twice, Uche continued to stonewall defendants' questions. *Id.*

Soon after, on March 3, 2014, defendants submitted their second motion for sanctions, "Motion for Sanctions/Dismissal and to Compel Deposition Answers and to Extend the Dispositive Motions Deadline," ECF 53, and a supporting memorandum, ECF 53-1. Thereafter, Uche submitted a "Motion for Sanctions of Defense Attorney," ECF 55; a response in opposition, ECF 56; a "Certificate of Good Faith Unable to Confer," ECF 57; a "Motion for Protective Relief with Respect to Deposition and to Quash the Defendants' Good Faith Certification and Motion to Compel Deposition Answers," ECF 58; and a "Motion for Contempt Finding and Violation of the Honorable Judge Day's January 24, 2014 Order (ECF 49) and for a Second Order to Enforce Document Production," ECF 60. Uche filed supporting memoranda

and exhibits in each instance.  Defendants filed an opposition to the motion for sanctions, ECF

61, and responses in opposition to Uche's other motions (*i.e.*, ECF 55, 58, and 60).  *See* ECF 62,

63, 64 (defendants' responses).[4]  Judge Day denied Uche's motions (ECF 55, 58, and 60) as

baseless.  *See* Paperless Orders, ECF 66, 67.  He scheduled a hearing on defendants' second

sanctions motion for July 1, 2014.  ECF 68.

Uche did not attend the hearing on defendants' second motion for sanctions.  *See*

Transcript of Hearing on July 1, 2014, ECF 80 at 3.  Judge Day recounted at the hearing that his

chambers attempted to contact Uche by mail and by phone before the hearing, but received no

response.  *Id*. at 3-4.  He stated: "I am – very troubled by the conduct set forth in the transcript

provided to me, that is the transcript of Ms. Uche's Deposition."  *Id*. at 5.  He read some of

defendants' questions and Uche's non-responses into the record, *id*. at 5-6, and noted that he did

"not see anything objectionable about 99.9 percent" of defendants' questions.  *Id*. at 7.  He

concluded: "This goes on page after page.  It is a – very sad.  I can pick and click any page in

that Deposition, something terrible turns up.  To make a long story short, I am granting the

Motion for Sanctions."  *Id*. at 6.

Judge Day also granted defendants' request for a new court-ordered deposition, and set

July 10, 2014, as the date.  *Id*. at 14.  But, he informed defendants that he did not have authority

to dismiss the case; the trial judge would have to rule on that request.  *Id*. at 4-5.  With respect to

defendants' motion for sanctions, Judge Day conditionally granted defendants' motion for fees

and expenses, stating that he was not "inclined" to award them if the district judge granted

---

[4] All of this came after the first flurry of motions filed by Uche, including a prematurely filed motion for summary judgment.  *See* Memorandum to Counsel dated June 3, 2014, ECF 65 (denying motion for summary judgment and reciting pending discovery motions).

defendants' motion to dismiss, but that he would accept an affidavit in support of fees and expenses requesting specific amounts thirty days after the district judge's ruling on the motion to dismiss. *Id.* at 9. He also indicated he would accept affidavits in support of fees and expenses related to defendants' work in defense of three other motions filed by Uche, which he had denied. *Id.* at 12.

The Paperless Order memorializing the hearing, ECF 70, is dated July 1, 2014. It states: "PAPERLESS ORDER granting 53 Motion for Sanctions for the reasons stated on the record during today's hearing. Plaintiff failed to appear at the hearing. Plaintiff shall submit to a second deposition at the Courthouse on July 10, 2014 beginning at 10:00 am. Plaintiff shall be available for 7 hours given that the purpose of the first deposition was completed frustrated. The Court will be available to rule upon all objections and responses during the deposition. Defendant's request for fees and expenses is granted, in an amount to be determined after the filing of its affidavit in support. Defendant shall have up to 30 days to file it[s] affidavit following the Court's ruling on it[s] motion for dismissal. The Court applies the same deadlines regarding Defendant's request for fees and expenses under ECF 55, 58 and 60. Signed by Magistrate Judge Charles B. Day on 07/01/2014. (Day, Charles) (Entered: 07/01/2014)."

On July 2, 2014, I denied defendants' second motion to dismiss, "without prejudice to defendants' right to renew the Motion if plaintiff fails to appear at the deposition on July 10, 2014." ECF 73. In my Memorandum to Counsel and Ms. Uche, I stated: "To be clear, and to avoid any confusion, this Memorandum constitutes an ORDER to plaintiff to appear at the Greenbelt Courthouse on July 10, 2014, at 10:00 a.m., in Magistrate Judge Day's Courtroom. … In the meantime, I will deny [defendants' second motion to dismiss] (ECF 53), without prejudice

to defendants' right to renew the Motion if plaintiff fails to appear at the deposition on July 10, 2014."

Uche submitted a motion on July 3, 2014, entitled "Motion Objecting to the Court's Orders for Deposition (ECF 70 and 73) and for Reconsideration of Orders (ECF 66 and 67) with a renewed Motion for Protective Order and Motion to Quash the Defendant's Video Deposition Notice (Exhibit 1)."  ECF 74.  In her supporting memorandum (ECF 74-1), she urged the Court "to cancel the July 10, 2014 deposition and any and all future depositions … ."  Uche argued: "Since Defendant Robert Washington remains un-deposed, deposing Plaintiff a second time is unjust, ugly, and unwarranted.  Plaintiff appearing for an additional seven (7) hours of deposition only aims at giving the Defendants unfair advantage in this case."  ECF 74 at 1.  In her memorandum, she reiterated her belief that it is "simply unfair" to depose her again while defendant Washington "remains un-deposed," ECF 74-1 at 3, and she set forth a number of other unpersuasive arguments.  *See*, *e.g.*, *id.* at 2 ("Plaintiff respectfully asks this Honorable Court to amend the orders for deposition because Federal Rules of Civil Procedure 56(e) authorizes the Court to accommodate changes in intervening laws.  Spiritual laws and instructions from the Lord God are important here to Plaintiff and now serve as an intervening law in this instant case.").  She also indicated that she may never make herself available for a second deposition. *Id.* ("Plaintiff … has stated repeatedly … that she will be unavailable for Depositions after February 4th 2014.").

On July 8, 2014, I denied Uche's motion of July 3, 2014.  *See* ECF 75.  For "reasons previously stated," I deemed the deposition "appropriate."  *Id.*  And, I ordered defense counsel

"to promptly transmit" the content of the Order to plaintiff, "either by telephone notification, electronic mail, and/or by hand delivery." *Id.*

Plaintiff submitted another motion to this Court on July 9, 2014, seeking to stay the deposition set for July 10, 2014.  "Motion for a Stay of the July 10 2014 Deposition Pending Exhaustion of all Due Process and Reconsideration of the Order on Motion to Quash (ECF 75)." ECF 77.  She argued: "Attendance … would be particularly prejudicial to Plaintiff's rights without affording her due process." *Id.* at 1.  In a supporting memorandum, she added she wanted the stay "so that she [could] file appropriate motions including filing the appropriate leave to file an interlocutory appeal of orders on depositions (ECF 75)."  ECF 77-1 at 1.  I denied Uche's request on the same day, and ordered defense counsel to "promptly notify plaintiff as to the court's ruling."  *See* ECF 78.

Then, as stated above, plaintiff failed to appear at her deposition on July 10, 2014.  *See* Deposition Transcript of July 10, 2014, ECF 81-3.  As a result, on July 22, 2014, defendants filed the pending motion, titled "Motion to Dismiss for Failure to Comply with Court Orders" (ECF 81), as well as the memo (ECF 81-1).  As noted, plaintiff opposes the motion, ECF 85, and defendants replied.  ECF 87.

On July 28, 2014, defendants submitted their requests for fees and expenses, in keeping with Judge Day's orders at the hearing on their second motion for sanctions.  *See* ECF 70.  In their "Motion For Attorneys' Fees Incurred in Responding To Plaintiff's Frivolous Motion For Protective Order" (ECF 83), defendants requested $2,574.00 in legal fees incurred in responding to Uche's "Motion for Protective Relief with Respect to Deposition and to Quash the Defendants' Good Faith Certification and Motion to Compel Deposition Answers filed by

Plaintiff." *See* ECF 83-1 (Memo) at 1.  The motion is supported by a memorandum (ECF 83-1) and by the Affidavit of Michael Neary, Esquire (ECF 83-2).  Defendants also submitted a second Affidavit of Michael Neary (ECF 84), regarding the "total amount of fees and costs incurred in connection with Plaintiff's February 4, 2014 deposition, the Motion for Sanctions, Reply in Support of the Motion for Sanctions, and attending the July 1, 2014 hearing" ("Second Affidavit," ECF 84 at 5).  In this Second Affidavit, they seek $11,609.00, bringing their total outstanding request to $14,183.00.  Plaintiff opposes ECF 83, defendants' fee motion.  *See* ECF 86 (plaintiff's opposition).  Defendants have replied.  ECF 88.

Plaintiff also filed motions to strike the Second Affidavit and to strike defendant's Reply.  ECF 89 (motion to strike Second Affidavit); ECF 90 (motion to strike Reply).  Judge Day denied both motions to strike.  ECF 95, 96.  However, Judge Day has not determined an amount of fees and costs to be awarded to defendants.  *See* Paperless Order, ECF 70.

Additional facts will be included in the Discussion.

**Discussion**

Fed. R. Civ. P. 37(b)(2)(A)(v) provides: "If a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders," which "may include … dismissing the action or proceeding in whole or in part."  Rule 37 puts the choice of sanction within the court's discretion.  *Cf. Decisions Insights, Inc. v. Sentia Group, Inc.*, 311 F. App'x 586, 598 (4th Cir. 2009) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (holding Rule 37 sanctions reviewed only for abuse of discretion)).  Nonetheless, "the Fourth Circuit has 'encouraged trial courts initially to consider imposing sanctions less severe than [dismissal],' such as awards of costs and attorneys' fees, to

ensure that the noncompliant party had fair warning of a default judgment.'" *Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 449 (D. Md. 2002) (quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995)).   The Court has also "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." *Hathcock*, 52 F.3d at 40.

When "'determining what sanctions to impose under Rule 37,' a district court must consider four factors: '(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (quoting *Anderson v. Found. for Advancement, Educ. & Employment of American Indians*, 155 F.3d 500, 504 (4th Cir. 1998)).

In this case, as recounted above, Uche has repeatedly failed to comply with court orders. In my view, dismissal, without prejudice, is the appropriate sanction.   And, in light of Uche's repeated and unjustified failure to attend scheduled depositions, I will also award defendants costs incurred in relation to the July 10, 2014 deposition, in an amount to be determined after defendants file an affidavit in support of specific expenses.   *See Robertson v. DECO Security, Inc.*, Civ. No. WDQ-09-3093, 2010 WL 3781951, at *6 (D. Md. Sept. 22, 2010) (dismissing case, with prejudice, and imposing defendant's costs and attorneys' fees on plaintiff where plaintiff failed to respond to interrogatories).

In accordance with *Southern States Rack & Fixture, Inc.* 318 F.3d at 597, I have considered the following four factors.

First, I am of the view that plaintiff has acted in bad faith.  She was aware of the Court's orders.  *See*, *e.g.*, Deposition Transcript of Feb. 4, 2014 , ECF 53-4 at 26:3 to 50:6 (refusing to answer questions about her resume despite telephonic court order to answer); ECF 74, 77 (challenging orders directing plaintiff to appear for July 10, 2014 deposition).   Yet, she repeatedly disobeyed them.  *See*, *e.g.*, ECF 53-4 at 26:3 to 50:6; 187:9 to 206:4 (failure to comply with two telephonic court orders to answer questions at deposition about resume and hours worked); ECF 70, 73, 75, 78 (orders reiterating deposition date of July 10, 2014); Deposition Transcript of July 10, 2014, ECF 81-3 (failure to attend).  Moreover, plaintiff has provided no reasonable justification for her disobedience.  *See*, *e.g.*, Defendants' Good Faith Certification, ECF 81-2 (stating plaintiff did not respond to request from defendants to discuss her non-appearance at July 10 deposition); Opposition at 12, ECF 85-1 at 7 (responding to bad faith argument in defendants' Motion with only the following explanation: "Plaintiff was not able to comply with this trial court[']s order about deposition").  Plaintiff's "noncompliance with discovery orders supports a finding of bad faith."  *See Robertson*, 2010 WL 3781951, at *4 (finding plaintiff acted in bad faith by failing to comply with two court orders compelling her response to interrogatories and requests for documents); *see also Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. Mar. 11, 1988) (same).

Second, plaintiff's noncompliance has prejudiced defendants, because they are unable to obtain information needed in defense of the case.  *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc.s, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (holding consideration of prejudice "necessarily includes an inquiry into the materiality of the evidence [the nonmovant] failed to produce").  As defendants explain, Uche's "testimony is particularly important in this case as [Uche's] claim of

working off-the-clock overtime, mainly at home, rests entirely on her word." *See* Motion at 10. Much of the work Uche allegedly performed off-the-clock could be done away from the workplace. *See* Complaint ¶¶ 55-66, 72-79, ECF 1. She alleges, for example, that she "felt an obligation to read, reply and act upon … emails whenever they were received," that she "had to create [a variety] of reports" and "documentation," and that she had to work "on call." *Id*. The complaint does not say where this work was performed. *Id*. If it is true that this work was performed "mainly at home," then, understandably, defendants would have no way of knowing what work Uche performed, and when, without information from Uche. If, in fact, much of this work was performed at the workplace, then the defendants should have internal records reflecting it. *See, e.g.*, 29 C.F.R. § 516.2(a)(7) (requiring all employers subject to the FLSA to maintain and preserve records relating to "hours worked each workday and total hours worked each workweek").

The defendants cannot ascertain where the work was allegedly performed because Uche has repeatedly refused to answer such questions. *See* Deposition Transcript, ECF 53-4 at 198:8-201:21 (Uche refusing to answer how she estimated that she was owed pay for the 4,160 hours cited in her pre-lawsuit demand letter); Deposition Transcript ECF 81-3 (failure to attend). Such information is certainly material — it goes to the heart of plaintiff's claims in this case. *See, e.g.*, *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 281 (2d Cir. 2008) ("It is clear an employer's actual or imputed knowledge that an employee is working is a necessary condition to finding the employer suffers or permits that work."). Thus, "[k]eeping in mind that the 'purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available,'" defendants have "suffered significant prejudice

as a result of [Uche's] failure to make herself available for her deposition." *See Wake v. Nat'l R.R. Passenger Corp.*, Civ. No. PWG-12-1510, 2013 WL 1316431, at *3 (D. Md. Mar. 27, 2013) (dismissing plaintiff's claims for failure to appear at deposition or comply with Rule 26(a)(2) disclosures) (quoting *Middlebrooks v. Sebelius*, Civ. No. PJM-04-2792, 2010 WL 2514111, at *3 (D. Md. Aug. 13, 2009).

Third, dismissal of this case is appropriate to deter other litigants from refusing to cooperate with opposing parties in discovery and to comply with court orders. *See Nat'l Hockey League*, 427 U.S. at 643 ("The most severe sanction … must be available … to deter those who might be tempted to such conduct in the absence of such a deterrent."). "Plaintiff's failure to respond to Defendant[s'] discovery requests combined with her subsequent willful disregard of a Court order undermines this Court's ability to manage this case effectively and fairly." *Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, Civ. No. PWG-11-355, 2013 WL 3863935, at *4 (D. Md. July 23, 2013) (dismissing claims under Fed. R. Civ. P. 37(b) and 41(b)). "Conduct such as 'stalling and ignoring direct orders of the court … must obviously be deterred.'" *Id.* (quoting *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (affirming district court's dismissal of claims)).

Fourth, less drastic sanctions have already proven ineffective. As previously stated, plaintiff has refused to submit to her deposition, even under court order. Moreover, Judge Day sanctioned Uche for filing baseless motions. *See, e.g.*, ECF 66, 67 (denying plaintiff's motions for which the court found "no basis"); ECF 70 (granting defendants' motion for sanctions); *see also* ECF 59, 65, 69 (Uche motions). Nonetheless, Uche continued to file baseless motions. *See, e.g.*, "Plaintiff's Motion to Strike the Defendant's Reply to Plaintiff's Opposition …", ECF 90

(asking Court to strike reply because, in direct response to issues first raised in plaintiff's opposition, defendants cited cases not cited in their motion); ECF 96 (Paperless Order of Magistrate Judge Day denying the motion for reasons stated in defendants' opposition).

Finally, in accordance with *Hathcock*, *supra*, 53 F.3d at 40, plaintiff was expressly warned that if she failed to attend her deposition on July 10, 2014, defendants could renew their motion for dismissal of her claims.  In a Memorandum to Counsel and Ms. Uche dated July 2, 2014, ECF 73, I said: "To be clear, and to avoid any confusion, this Memorandum constitutes an ORDER to plaintiff to appear at the Greenbelt Courthouse on July 10, 2014, at 10:00 a.m., in Magistrate Judge Day's Courtroom. … In the meantime, I will deny [defendants' second motion to dismiss] (ECF 53), without prejudice to defendants' right to renew the Motion if plaintiff fails to appear at the deposition on July 10, 2014."  Nonetheless, Uche did not appear.  And, in her opposition to defendants' current motion to dismiss, rather than provide any justification for her failure to attend her third scheduled deposition, Uche stated: "This case … *is not about depositions*; therefore this case must be allowed to move to trial."  Opposition at 1, ECF 85 at 1 (emphasis in original).

The court has indulged Ms. Uche with every benefit of the doubt, because she is proceeding without counsel.  But, the rules apply to those who are self-represented.  *See* Local Rule 101.1(a) ("Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure.").  And, Uche is aware that they do.  *See* Transcript of Motions Hearing, ECF 59 at 52.  Uche does not have the right to decide that she need not submit to a deposition.

In view of the foregoing, plaintiff's claims must be dismissed.

With regard to defendants' request for fees and expenses, Fed. R. Civ. P. 37 "requires a court to award certain reasonable attorneys' fees and expenses when a party has failed to comply with a court order." *U.S. Home Corp. v. Settlers Crossing, LLC*, Civ. No. DKC-08-1863, 2013 WL 3713671, at *3 (D. Md. July 15, 2013); *accord Porreca v. Mitchell L. Morgan Mgmt., Inc.*, Civ. No. JFM-08-1924, 2009 WL 400626, at *2 (D. Md. Feb. 13, 2009).   Specifically, Rule 37(b)(2)(C) states: "Instead of or in addition to [other sanctions for disobeying a discovery order], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified *or other circumstances make an award of expenses unjust*."   (Emphasis added).

Defendants have incurred fees and costs associated with three depositions of Uche, two of which she did not attend, and one in which she refused to answer questions about her claims. Defendants now seek "fees and costs incurred in preparing for and attending the Court ordered July 10 deposition and in preparing th[e] Motion."  Memo at 14.  Plaintiff has not shown that her failure to attend the court-ordered July 10 deposition was substantially justified.

In accordance with Rule 37(b)(2)(C), I will grant defendants' request for fees and costs incurred in relation to the deposition of July 10, 2014.  *See*, *e.g.*, *Trung Vien v. Walker*, Civ. No. PJL-12-1796, 2014 WL 900803, at *3 (D. Md. Mar. 5, 2014) ("Because [pro se plaintiff] Vien failed to appear at two duly noticed depositions without explanation, the Court deems it appropriate for Defendants to recover costs of the depositions … ."); *Chu v. Great Northern Ins. Co.*, Civ. No. RWT-10-1422, 2013 WL 4541606, at *5 (D. Md. Aug. 26, 2013) (ordering

plaintiff to pay costs and fees incurred by defendants because of plaintiff's failure to comply with court order).

However, I find that "other circumstances make an award of [additional] expenses unjust." Defendants' current Motion is, in effect, a renewal of a prior filing (ECF 53). *See* ECF 70 (Order); ECF 84 (Affidavit in support of fees and expenses). Notably, in ECF 86 plaintiff asserts: "Plaintiff has no money to give the Defendants." She also posits: "Plaintiff does not have the ability to pay." *Id.* Moreover, I am dismissing plaintiff's claims, at defendants' request, which is the penultimate sanction. For all of these reasons, it would be unjust to require plaintiff to pay additional fees and expenses incurred in the preparation of this Motion or with respect to ECF 53. *See Diamond v. Bon Secours Hosp.*, Civ. No. WMN-09-865, 2010 WL 2696632, at *10 (D. Md. July 6, 2010) (declining to award additional fees where pro se plaintiff had already received monetary sanctions and plaintiff's claims are dismissed).

Therefore, defendants are directed to submit an affidavit and/or other submissions in support of specific fees and costs related to the deposition of July 10, 2014, within twenty-one days from the date of docketing of the accompanying Order. Within twenty-one days from the docketing of defendants' submission, plaintiff may file a response "'limited to: (1) objecti[ons] to the amount of fees and/or their reasonableness, and/or (2) providing a factual basis on which the Court may find that the imposition of attorney's fees would be unfair.'" *Chu*, 2013 WL 451606, at *5 (quoting *Woodard-Charity*, 2013 WL 3863935, at *5).

**Conclusion**

For the foregoing reasons, I will grant defendants' Motion (ECF 81).  A separate Order

follows, consistent with this Memorandum.


Date: October 10, 2014                         _____/s/_____

                                               Ellen Lipton Hollander
                                               United States District Judge