IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MAUREEN UCHE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: ELH-13-878 |
| | * | |
| **MONTGOMERY HOSPICE, INC.,** et al., | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Before this Court is Defendants' Motion for Attorneys' Fees Incurred in Responding to Plaintiff's Frivolous Motion for Protective Order (the "Motion") (ECF No. 83). The Court has reviewed the motions, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion in the amounts described below.

**I.   Background**

On March 24, 2013, Maureen Uche ("Plaintiff") filed a complaint against Montgomery Hospice, Inc., and Robert Washington (collectively "Defendants") for failure to fairly compensate Plaintiff for her work at Montgomery Hospice. ECF No. 1. On October 10, 2014, this Court granted Defendants' motion to dismiss. ECF No. 98. Prior to the dismissal of this case, on February 4, 2014, Defendants attempted to depose Plaintiff, but the deposition was frustrated by Plaintiff's refusal to answer Defendants' questions. On March 3, 2014, Defendants

filed a motion to compel deposition answers, for sanctions or dismissal, and for attorneys' fees incurred due to Plaintiffs' frustration of the discovery process. ECF No. 53. Plaintiff responded by bringing a motion for protective order on March 14, 2014. ECF No. 58. This Court denied the motion for protective order on June 26, 2014, ruling that Plaintiff had "set forth no basis in fact or law for the relief sought." ECF No. 67. Plaintiff subsequently failed to attend a hearing regarding Defendants' motion to compel, for sanctions, and for fees (ECF No. 53), and the Court granted the motion for fees on July 1, 2014. ECF No. 70. At that hearing, the Court also ordered Defendants to file a separate motion within 30 days requesting a specific amount of attorneys' fees. *Id.* Defendants filed the Motion on July 28, 2014—within the 30 day window. The Motion requests $2,574.00 in attorneys' fees.

## II. Discussion

Under the Federal Rules of Civil Procedure:

> [i]f [a] motion [for protective order] is denied, the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). The Court denied Plaintiff's motion for protective order. Thus, so long as Plaintiff's motion was not "substantially justified" or other circumstances do not make an award of expenses against Plaintiff unjust, Defendants are entitled to reasonable attorneys' fees. The Court will thus review whether these exceptions under the Federal Rules listed above apply.

   *a. Plaintiff's motion for protective order was not "substantially justified."*

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to

lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendants asked reasonable questions at the deposition, such as whether a particular exhibit was Plaintiff's resume, whether Plaintiff believed, as she once alleged in a prior document, that she had worked over 4,000 hours of overtime, and whether she had worked any other jobs before or after working at Montgomery Hospice. This Court finds that these questions were reasonably calculated to lead to the discovery of admissible evidence and were not abusive. Plaintiff's motion for protective order against answering these and other reasonable questions was thus not "substantially justified."

    b.  *Other circumstances do not make an award of expenses unjust.*

Plaintiff argues that Defendants' Motion is incomplete because it does not cite legal authority. However, Defendants' Motion cites the Federal Rules, which are binding both on this Court and on Plaintiff. Plaintiff argues further that the Motion is incomplete because it does not cite to case law and is not in conformity with the requirements of Rule 8 of the Federal Rules. Rule 8 details the requirements for proper pleadings, not motions. Fed. R. Civ. P. 8. Rule 7 describes the requirements for a proper motion, which are that the motion "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b)(1). Defendants' Motion states plainly that they contend they are entitled to relief under Federal Rule 37 because the Court has denied Plaintiff's motion for protective order and that they request attorneys' fees as relief. The Motion is in conformity with Rule 7.

Plaintiff argues further that an award of attorneys' fees would be unjust because Defendants have not proven that Plaintiff has the financial ability to pay the amount Defendants have claimed. This is not required. While "the trial court has broad discretion to reduce the fee award in light of mitigating factors, such as . . . the relative economic status of the litigants"


(*Arnold v. Burger King Corp.*, 719 F.2d 63, 68 (4th Cir. 1983)), neither the trial court nor the moving party is required to do so.

Plaintiff relatedly argues that Defendants' Motion is deficient because they have not "set[] forth the reasonableness" of their requested fees. Plaintiff cites *Ketchum v. Moses* (24 Cal. 4th 1122 (2001)) as sole support for this contention. *Ketchum* is a California Supreme Court case and is thus not binding on this Court. *Ketchum* discusses the appropriateness of an award of attorneys' fees under a California statute that provides attorneys' fees to prevailing parties in cases involving strategic lawsuits against public participation (or Anti-SLAPP lawsuits). *Ketchum*, 24 Cal. 4th at 1127. *Ketchum* is thus not persuasive.

Finally, Plaintiff argued during the deposition that she was unwilling to answer the posed questions because, as a pro se litigant, she did not understand which questions she was legally required to answer. However, under our Local Rules, "[i]ndividuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure." Local Rule 101(1)(a) (D. Md.).

For the foregoing reasons, other circumstances do not make an award of attorneys' fees unjust, and Defendants are entitled to reasonable attorneys' fees.

### c. Determining Reasonable Fees

Defendants claim $2,574.00 in attorneys' fees. The Supreme Court has established a method, commonly called the "lodestar," for determining a reasonable fee. The starting point in the lodestar calculation is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The Court has endorsed a list of twelve factors, first articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express,*

*Inc.*, 488 F.2d 714 (5th Cir. 1974), which aid a court in determining a reasonable fee. These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 717–19. The Fourth Circuit has directed courts to consider these twelve factors when calculating the lodestar amount. *Robinson*, 560 F.3d at 243–44. This Court has noted that in ruling on an "award for a discovery dispute," "the most relevant Johnson factors" may be "the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys." *Davis v. Rouse*, WDQ-08-CV-3106, 2012 WL 3059569 (D. Md. 2012) (numbering omitted). These factors are considered below.

### 1. *Time and labor expended, and the reputation of the attorneys*

The Fourth Circuit has held that a party seeking a fee award "must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which she seeks an award." *Robinson*, 560 F.3d at 244 (citing *Plyer v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (citation omitted)). However, failing to provide affidavits from independent counsel is not fatal, for the Court may rely on its own knowledge of the market in determining reasonable fees for that community. While Plaintiff has not provided information regarding the local market rates, the 2011 Local Rules provide guidelines for determining the applicable hourly rates in Maryland during the period of this work:

      a. Lawyers admitted to the bar for less than five (5) years: $150–190.
      b. Lawyers admitted to the bar for five (5) to eight (8) years: $165–250.
      c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225–300.
      d. Lawyers admitted to the bar for fifteen (15) years or more: $275–400.
      e. Paralegals and law clerks: $95–115.

Local Rules App. B, 3 (D. Md.) (July 1, 2011). These billable rates reflect the presumption that a more experienced attorney is deserving of greater hourly compensation because they are expected to perform more efficiently. *See Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 491 (D. Md. 2005).

      Michael Neary, one of the counselors for Defendants and a principal at the law firm of Lerch, Early & Brewer, Chtd., filed a declaration to support his contention that Defendants have incurred $2,574.00 in attorneys' fees in response to Plaintiff's motion for protective order. ECF No. 83, Ex. A. Defendants chose not to seek recovery of fees paid for the work of Mr. Marc Engel, the other defense counselor.

      According to his affidavit, Mr. Neary worked a total of 9.9 hours between March 27, 2014, and March 30, 2014, doing work related to opposing Plaintiff's motion for protective order. This work included performing research, preparing exhibits, and drafting and editing the opposition to the motion for protective order. The opposition to the motion for protective order dutifully responds to the arguments posed by Plaintiff's counsel in the motion for protective order. This Court finds the number of hours spent on the opposition to be appropriate.

      Mr. Neary notes that he has been admitted to the bar for seven years and claims he is owed compensation for attorneys' fees at a rate of $260.00 per hour. Under our local rules, an attorney who has been admitted to the bar for 5-8 years is entitled to a maximum rate of $250 per hour of compensation for work that, like this work, was done between July 2011 and July 2014.

6

Local Rules App. B, 3 (D. Md.) (July 1, 2011). Thus, Mr. Neary's reasonable attorneys' fees are capped at $2,475.

   2. *The novelty and difficulty of the questions raised and legal skill required*

Defendants' counselor did not work on particularly novel or complex legal issues. However, he did make a good faith effort to thoroughly respond to a particularly confusing motion for protective order. The hours claimed appear reasonable, and this Court finds that Defendants are entitled to the total amount of reasonable attorneys' fees.

**III.   Conclusion**

For the foregoing reasons, the Court GRANTS the Motion for Attorneys' Fees and awards Defendants fees against Plaintiff in the amount of $2,475.00.

October 21, 2014                                                                            /s/
                                                                                   Charles B. Day
                                                                                   United States Magistrate Judge

CBD/sdh