IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAUREEN UCHE,

    *Plaintiff*,

    v.

MONTGOMERY HOSPICE, INC;
ROBERT WASHINGTON,

    *Defendants*.

Civil Action No. ELH-13-00878

**MEMORANDUM OPINION**

On October 10, 2014, this Court issued a Memorandum (ECF 97) and Order (ECF 98), in which it determined that defendants Montgomery Hospice, Inc. and Robert Washington are entitled to reasonable attorneys' fees and costs from plaintiff Maureen Uche, as a sanction for her unjustified failure to attend a court-ordered deposition on July 10, 2014 (the "Deposition").[1] That order to attend followed two earlier deposition dates, where Uche either failed to appear or appeared but did not respond to questions.

In ECF 98, the Court directed defendants to submit an affidavit and materials in support of a request for fees and costs. It also permitted plaintiff to respond to defendants' submissions, in which she could "(a) dispute the amount and/or reasonableness of the fees, or (b) provide a factual basis on which the Court may find that imposition of fees would be unfair or unwarranted." *Id*.

---

[1] To the extent relevant, I incorporate the Memorandum here. As noted in ECF 97 at note 1, plaintiff was represented by counsel at the outset of the case. Plaintiff moved to dismiss her attorney in July 2013, ECF 20, and her lawyer moved to withdraw. ECF 21. Judge Alexander Williams, Jr., to whom the case was then assigned, granted counsel's motion. ECF 23. The case was transferred to me in November 2013. *See* Docket.

Defendants submitted the Affidavit of Michael J. Neary, Esquire, an attorney for defendants, on October 24, 2014. ECF 100 ("Third Neary Aff."). Neary stated that defendants sought to recover $2,470.00 in legal fees and $500 in costs. *Id.* ¶ 7. In response, plaintiff filed a "Motion to Strike the Defendants' Affidavit (ECF 100)." ECF 104 ("Response"). Defendants replied. ECF 105 ("Reply").

Defendants' request is ripe for consideration, and no hearing is necessary to resolve the matter. *See* Local Rule 105.6.[2] For the reasons that follow, I will grant defendants' request, in part.

---

[2] On October 22, 2014, plaintiff appealed the Order entered on October 10, 2014 (ECF 97), discussed earlier. *See* ECF 101 (Notice of Appeal). However, this Court retains jurisdiction to resolve the sanctions award. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction."); *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1009 (4th Cir.) (*en banc*) (stating that district courts retain jurisdiction to decide Rule 11 sanctions motions even after remanding case to state court because sanctions are collateral issues); *Tunnell v. Ford Motor Co.*, 2006 WL 910012, at *8 (W.D. Va. Apr. 7, 2006) ("Because an attorney's fees award is collateral to the merits of the underlying action, the district court retains jurisdiction to entertain motions for sanctions under Rule 37, even after the final judgment has been appealed."), *report and recommendation adopted*, 2006 WL 1788233 (W.D. Va. June 26, 2006), *aff'd*, 245 F. App'x 283 (4th Cir. 2007) (*per curiam*). In *Lancaster v. Independent Sch. Dist. No. 5,* 149 F.3d 1228, 1237 (10th Cir. 1998), the court said: "Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, the district court retains jurisdiction over 'collateral matters not involved in the appeal.' Attorney's fees awards are collateral matters over which the district court retains jurisdiction. While the cases typically discuss attorney's fees awards in the context of statutory grants of attorney's fees to the prevailing party, we see no basis to distinguish those cases from one like the present case in which fee awards are granted as sanctions. In either context, the award is collateral to the merits of the underlying action. Accordingly, we conclude the district court had jurisdiction to grant the Rule 37 motion."

**Factual Background**

The facts and rationale supporting the award of fees and costs are recounted in my Memorandum (ECF 97) at pages 2-8.  In brief, three depositions were scheduled for Uche.  The first, which Uche did not attend, was scheduled for October 21, 2013.  *See* ECF 34-2 (deposition transcript of Oct. 21, 2013); ECF 34-2 at 17 (notice of deposition).  Defendants filed their first motion for sanctions in response to Uche's failure to attend.  ECF 32 (motion).  Judge Day held a hearing on the motion on January 23, 2014, which Uche attended.  ECF 59 (transcript of hearing).  Judge Day denied the motion and scheduled a second deposition for February 4, 2014. *Id.* at 52-54.  Uche attended the second deposition, but stonewalled defendants' questions, despite two telephonic orders from Judge Day directing her to answer certain questions.  ECF 53-4 at 26:3-50:6, 187:9-206:4 (deposition transcript).  Soon after, defendants filed a second motion for sanctions, based on Uche's behavior at the deposition on February 4, 2014, and in relation to a flurry of discovery motions filed by Uche.  ECF 53 (motion).  On July 1, 2014, Judge Day held a hearing on the motion, which Uche did not attend.  ECF 80 (transcript of hearing).  During the hearing, Judge Day set July 10, 2014, as Uche's third scheduled deposition date.  *Id*. at 14.

Plaintiff received four separate court orders obligating her to attend her Deposition on July 10, 2014.  *See* ECF 70 (Order of Magistrate Judge Day dated July 1, 2014); ECF 73 (Order of Judge Hollander dated July 2, 2014); ECF 75 (Order of Judge Hollander dated July 8, 2014); ECF 78 (Order of Judge Hollander dated July 9, 2014).  Nevertheless, plaintiff did not attend that Deposition, *see* Deposition Transcript of July 10, 2014, ECF 81-3, nor she did she justify her failure to do so.  *See, e.g.*, ECF 85 at 1 (plaintiff's opposition to motion to dismiss as sanction).

For example, she said: "This case … *is not about depositions*; therefore this case must be allowed to move to trial." *Id.* (emphasis in original). As a sanction, pursuant to Fed. R. Civ. P. 37, I dismissed plaintiff's claims, without prejudice, and determined that defendants were entitled to an award of legal fees and costs associated with the Deposition. *See* ECF 97; ECF 98.

At the time of my determination, defendants had two other outstanding requests for attorneys' fees, which were pending before Magistrate Judge Charles B. Day, *see* ECF 83-2, ECF 84, to whom this case had been referred for discovery disputes. ECF 31 (referral order).

At a hearing held on July 1, 2014, Judge Day indicated that he might grant defendants an award of fees incurred during discovery, but stated that he was not "inclined" to do so if this Court granted defendants' motion to dismiss. *See* ECF 80 at 9 (transcript of hearing). In connection with that request, defendants submitted two affidavits from Michael Neary, Esquire, an attorney for defendants. ECF 83-2; ECF 84. The first affidavit pertained to a request to recover $2,574.00 in attorneys' fees incurred in responding to ECF 58, titled "Plaintiff's Motion for Protective Relief with Respect to Deposition and to Quash the Defendants' Good Faith Certification and Motion to Compel Deposition Answers (ECF 53)." *See* ECF 83-2 ("First Neary Aff."). The second affidavit, ECF 84 ("Second Neary Aff."), sought to recover an additional $11,609 in fees in connection the plaintiff's first two depositions (one which she failed to attend and one in which she stonewalled, *see* Note 3), with responses to certain other discovery motions, and for Neary's attendance at a court hearing that plaintiff did not attend on July 1, 2014. *See* ECF 80 (transcript of July 1, 2014 hearing).

Plaintiff filed a motion to strike the second affidavit. ECF 89 (motion to strike affidavit at ECF 84). Defendants filed an opposition. ECF 91. Judge Day denied the motion in a

paperless order entered September 29, 2014, "for the reasons set forth in Defendants' Opposition." ECF 96 (docket entry).

As stated, on October 10, 2014, this Court granted defendants' motion to dismiss the complaint as a sanction for plaintiff's repeated failure to obey court orders.  ECF 97; ECF 98. On October 21, 2014, Judge Day awarded defendants $2,475, for legal fees incurred in responding to one of plaintiff's discovery motions.  *See* ECF 58 (plaintiff's motion for protective order); ECF 83 (defense motion for fees); ECF 99 (Memorandum of Judge Day); *see also Uche v. Montgomery Hospice, Inc*., ELH-13-878, 2014 WL 5382335 (D. Md. Oct. 21, 2014) (same).

Defendants' request before me now is very similar to the requests they submitted to Judge Day.  There, as here, defendants supported their request for fees with an Affidavit from Michael J. Neary, Esquire.  *See* ECF 99 at 6 (Memorandum of Judge Day); ECF 100 ("Third Neary Aff.").  Defendants did not and do not seek recovery of fees paid for the work of their other attorney on this case, Marc Engel, Esquire.  *See* ECF 99 at 6; ECF 100, Third Neary Aff. ¶ 5.  Neary has stated a billable rate of $260.00 per hour for work on this case.  He has been admitted to the bar for seven years, Third Neary Aff. ¶ 2, and in private practice since September 2007.  Third Neary Aff. ¶ 1.

In considering defendants' prior request, Judge Day capped Neary's billable rate at $250 per hour, in keeping with the guidelines contained in Appendix B of the 2011 Local Rules.  As discussed, *infra*, Judge Day stated that where a party does not provide evidence regarding local market rates, the Court's "Local Rules provide guidelines for determining the applicable hourly rates in Maryland during the" period when the work was completed.  ECF 99 at 5.  Prior to July 1, 2014, when revised Local Rules went into effect, the guidelines provided a range of $165-

$250 per hour for lawyers like Neary, admitted to the bar for five to eight years.  *See* 2011 Local Rules; ECF 99 at 6.

As of July 1, 2014, the range for lawyers admitted for five to eight years has increased to $165-$300.  *See* 2014 Local Rules, Appendix B at 3; Standing Order 2014-03 (June 26, 2014) (stating rule changes effective July 1, 2014 and applicable to "all cases pending as of July 1, 2014, to the extent practicable"), *available at* http://mddb-iis/webdatapages/DisplayStandingOrder.asp.  However, because defendants' attorneys completed the work at issue in the requests pending with Judge Day before July 1, 2014, Judge Day applied the rates as stated in the 2011 Local Rules, rather than those stated in the 2014 Local Rules.  ECF 99 at 6-7.

### Discussion

Fed. R. Civ. P. 37 "requires a court to award certain reasonable attorneys' fees and expenses when a party has failed to comply with a court order."  *U.S. Home Corp. v. Settlers Crossing, LLC*, DKC-08-1863, 2013 WL 3713671, at *3 (D. Md. July 15, 2013); *accord Porreca v. Mitchell L. Morgan Mgmt., Inc.*, JFM-08-1924, 2009 WL 400626, at *2 (D. Md. Feb. 13, 2009).  Specifically, Rule 37(b)(2)(C) states: "Instead of or in addition to [other sanctions for disobeying a discovery order], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

As discussed in my Memorandum of October 10, 2014, ECF 97, I have determined that plaintiff's failure to attend her Deposition was not substantially justified.  In that Memorandum, I

also considered whether other circumstances would make an award of expenses unjust.  I determined that, *inter alia*, in light of the dismissal of plaintiff's complaint, and her alleged inability to pay any sanctions, an award of fees and expenses in connection with both the Deposition and with defendants' work on the motion to dismiss would be unjust.  *Id.* at 15. Accordingly, I limited defendants' award to fees and expenses incurred in connection with her failure to attend the court-ordered Deposition on July 10, 2014.  *Id.*

The amount of attorneys' fees to be awarded in any case is left to the discretion of the district court.  *E.g.*, *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013); *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).  But, the award must be "reasonable."  *E.g.*, *McAfee*, 738 F.3d at 88.  "The Supreme Court has indulged a 'strong presumption'" that the "lodestar" figure, as defined by the Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), "represents a reasonable attorney's fee."  *McAfee*, 738 F.3d at 88-89.  To determine the lodestar figure, courts must multiply "'the number of reasonable hours expended times a reasonable rate.'"  *Id.* (quoting *Robinson*, 560 F.3d at 243).

The Fourth Circuit has adopted a list of twelve factors, first articulated by the Fifth Circuit, to aid in determining "what is reasonable in terms of hours expended and the rate charged."  *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  These factors are as follows, *Johnson*, 488 F.2d at 717-19:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

As pointed out by Judge Day, in ruling on an "'award for a discovery dispute,' 'the most relevant Johnson factors' may be 'the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys.'"  ECF 99 at 5; *Uche*, 2014 WL 5382335, at *3 (quoting *Davis v. Rouse*, WDQ-08-3106, 2012 WL 3059569, at *3 (D. Md. July 25, 2012) (Gallagher, M.J.); *see also Davis*, 2012 WL 3059569, at *3 ("As other courts have noted, many of the twelve *Johnson* factors are inapposite in connection with a sanctions award for a discovery dispute.").  Here, "awards in similar cases" are also clearly relevant, as Judge Day has already awarded fees to defendants in this very case.  I will consider each relevant factor in turn.

As discussed, defendants seek $2,470 in fees and $500 in costs for work related to the Deposition.  ECF 100, Third Neary Aff. ¶ 7.  In his Affidavit, Neary states that his hourly rate for this case is $260, "which is within the range set by this Court's Rules and Guidelines for Determining Attorney's Fees in Certain Cases for an attorney admitted to the bar for seven years … ."  *Id.* ¶ 3.  Neary represents that he spent 9.5 total hours preparing for and attending the Deposition, as follows: .4 hours on July 7, 2014; 1.3 on July 8; 4.1 on July 9; 1.8 on July 10 in preparation and 1.9 on July 10 to attend the Deposition.  *Id.* ¶ 5.

In addition, Neary states that defendants incurred "a cost of $500 for the services of a videographer and court reporter who both attended the deposition to ensure an accurate record."  *Id.* ¶ 6.  He certified that a "true and correct copy" of the invoice for those services is attached to his affidavit as Exhibit A, docketed at ECF 100-1.  It reflects an invoice from Digital Evidence Group, LLC, located in Bethesda, Maryland, of $250 for "Transcript – Same day turnaround (DC)" and another $250 for "Video Minimum – Witness no show."  ECF 100-1.

Nothing in Neary's Third affidavit (ECF 100) indicates that he or defendants believed the work performed by counsel was novel or difficult.  Nor has Neary suggested that the case required any skills or expertise out of the ordinary.  *Id*.

With regard to the reasonableness of Neary's hourly rate as well as his experience, reputation, and ability, I agree with the analysis of Judge Day, as presented in his opinion on defendants' prior request for fees as a sanction in this case.  *See* ECF 99; *Uche*, 2014 WL 5382335, at *3-4.  There, Judge Day relied on the guidelines set out in Appendix B of the Local Rules as providing sufficient evidence of the "'prevailing market rates in the relevant community for the type of work for [an attorney or party who] seeks an award.'"  2014 WL 5382335, at *3 (quoting *Robinson*, 560 F.3d at 244).  As discussed, Judge Day determined that it was reasonable to award fees at a billable rate of $250 per hour, which represented the maximum under the range set by the 2011 Local Rules for attorneys barred seven years.  But, the fee structure increased as of July 1, 2014, to a maximum of $300.  That was the fee structure at the time of the Deposition.  Nevertheless, Neary has requested the same rate he requested before Judge Day, *i.e.*, $260.  If it was reasonable to conclude that Neary's work merited the maximum billable hour award in June 2014 — which Judge Day's opinion persuasively establishes — it is reasonable to conclude that it merited the same rate ($260 per hour) for Neary's work in regard to the Deposition.

With regard to the hours expended, *Johnson* counsels that the "trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities."  488 F.2d at 717.  Here, I do not find that 9.5 is an appropriate number of hours to have spent preparing for and attending the Deposition.

This was not the first time defendants prepared for a deposition of plaintiff.  As discussed in my Memorandum of October 10, 2014, plaintiff previously attended one deposition but failed to attend two others, including the Deposition at issue here.  ECF 97.  Thus, there is some question of duplicate work.  At the one deposition Uche attended, she proved to be a very difficult witness.  As put by Judge Day, upon his review of the deposition transcript: "It is a — very sad.  I can pick and click any page in that Deposition, something terrible turns up."  ECF 80 at 6 (hearing transcript).  Thus, it is reasonable for defendants' counsel to have expended extra time preparing a new strategy for how to obtain the information required from a most unwilling witness.  And, because Uche's most recent deposition prior to the Deposition in issue was nearly five months prior, in February 2014, no doubt some simple review of prior work was required.

With regard to the legal questions raised in the course of Neary's work on the Deposition, there appears to be nothing novel or difficult.  Plaintiff alleged violations of the Fair Labor Standards Act and related Maryland wage laws.  ECF 1.  Although it is possible these claims could raise difficult issues, I take defendants' silence as an indication that counsel found the issues to be routine.

Thus, in light of the foregoing, it appears that defendants' request is generally reasonable, although I do not see a basis for 9.5 hours.  And, as stated, plaintiff has objected.

I have read and considered plaintiff's Response to defendants' request, *i.e.*, her "Motion to Strike the Defendants' Affidavit (ECF 100)."  ECF 104.  As discussed, because I have already determined that defendants' are entitled to an award of fees and costs incurred in relation to the Deposition, *see* Memorandum, I previously indicated I would accept only limited objections from plaintiff.  *See* ECF 98.  Specifically, I granted plaintiff leave to submit a response in which

she could "(a) dispute the amount and/or reasonableness of the fees, or (b) provide a factual basis on which the Court may find that imposition of fees would be unfair or unwarranted." *Id.*

Much of the Response is dedicated to arguments that plaintiff should not have been required to attend the Deposition.  *See* ECF 104 at 3-6.  Even if there were any merit to the arguments presented on that point, plaintiff's time to make them has passed.  *See* ECF 98.

In addition, plaintiff disputes the amount and/or reasonableness of defendants' request by challenging, with a variety of alternative phrasings, the truth of Neary's statements in his Third Affidavit.  For example, she contends that the Affidavit is "based on mere conclusions;" that it is "unsupported by other Affiants;" that it is "simply insufficient as presented;" and that it "presents staggering contradictions."  Response at 7-9.  These variously phrased objections appear to turn on plaintiff's belief that Neary's Third Affidavit is not itself evidence of the hours he worked on the Deposition and what he did with them.  However, this belief is legally mistaken.

Generally, courts may accept affidavits as evidence of the facts stated therein.  However, affidavits must meet certain requirements to merit treatment as evidence.  The affiant must, for example, establish that he or she has "personal knowledge of the matter" at issue.  *See* Fed. R. Evid. 602.

Neary's Third Affidavit appears to be in good order.  *See* Reply at 1-2.  He has sworn to its contents under penalty of perjury.  ECF 100, Third Neary Aff. at 3.  He also avers that the Affidavit is based on his personal knowledge.  *Id.* ¶ 4.  In addition, he has incorporated time sheets into the Affidavit, which detail the dates on which he worked and the hours worked, and which generally describe the work done (*i.e.*, "prepared for deposition").  And, the hours claimed do not appear to be exaggerated, even if counsel could have prepared in less time.  *See Ballard v.*

*Schweiker*, 724 F.2d 1094, 1098 (4th Cir. 1984) (indicating opposing counsel should have an opportunity to question petitioning attorney where petition "bear[s] facial indicia of exaggeration").

Similarly, plaintiff argues that the invoice provided for Deposition expenses was not "certified." Response at 7. However, Neary's sworn statement that the invoice is a true and correct copy, ECF 100, Third Neary Aff. ¶ 6, sufficiently authenticates the invoice. *See* Fed. R. Evid. 901 ("(a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. (b) Examples. The following are examples only … of evidence that satisfies the requirement: (1) Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be.").

Finally, giving a liberal interpretation to plaintiff's Response, plaintiff argues that the imposition of fees would be unjust or unwarranted because she cannot afford to pay them. Response at 9. She states, *e.g.*: "Defendants know via their illegal stalking activities that Plaintiff is unable to pay the fees they seek. … Simply put, Plaintiff does not have the ability to pay the purported fees that the Defendants seek." *Id.*

This argument is largely unpersuasive for two reasons. First, plaintiff has failed to provide a "factual basis" to support this claim, as expressly required by my Order of October 10, 2014. *See* ECF 98. Nor has she provided any additional detail in her Response from which the Court could conclude that she is unable to pay. Second, and in any event, plaintiff's unsubstantiated claim has already been taken into account by this Court in determining the sanctions. *See* ECF 97 at 15 (considering plaintiff's claim that she "has no money to give the

- 12 -

Defendants" as one among "other circumstances" making the award of additional expenses requested "unjust").

Accordingly, this Court is satisfied that defendants are entitled to reasonable attorneys' fees and costs in connection with the Deposition.  *See McAfee*, 738 F.3d at 88-89.  The Court is not persuaded by plaintiff's blunderbuss-like arguments attacking the statements in the Neary Affidavit.

The award of fees is discretionary, however.  Because Judge Day imposed monetary sanctions upon plaintiff and in favor of defendants (ECF 99) after I issued my Memorandum and Order (ECF 97, 98), and because I dismissed the case (without prejudice), which is a severe sanction, I decline to award all of the legal fees requested by defendants.

## Conclusion

For the foregoing reasons, I will grant defendants' request for an award of attorneys' fees, but in the reduced amount of $500, and will also award costs of $500 incurred in connection with plaintiff's failure to attend the Deposition of July 10, 2014.  A separate Order follows, consistent with this Memorandum.

Date: January 14, 2015                                    _____/s/_____
                                                                            Ellen Lipton Hollander
                                                                            United States District Judge