IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| MAUREEN UCHE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: ELH-13-878 |
| | * | |
| MONTGOMERY HOSPICE, INC., et al., | * | |
| | * | |
| Defendants. | * | |
| | ****** | |

**MEMORANDUM OPINION**

Before this Court is Defendants' Affidavit re Order on Motion to Dismiss Regarding Attorneys' Fees and Costs in Connection with Plaintiff's July 10, 2014 Deposition by Montgomery Hospice (ECF No. 100) (hereinafter the "Affidavit") and Plaintiff's Motion to Strike Affidavit (ECF No. 104) (hereinafter the "Motion to Strike"). The Court has reviewed the motions, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **GRANTS** Defendants' reasonable attorneys' fees as described below and **DENIES** Plaintiff's Motion to Strike.

I.  **Background**

On March 24, 2013, Maureen Uche ("Plaintiff") filed a complaint against Montgomery Hospice, Inc., and Robert Washington (collectively "Defendants") for failure to fairly compensate Plaintiff for her work at Montgomery Hospice. ECF No. 1. On July 10, 2014, Defendants attempted to depose Plaintiff. Plaintiff received four court orders compelling her

attendance, but did not attend.  Two weeks later, on July 22, 2014, Defendants filed a Motion to Dismiss for Failure to Comply with Court Orders ("Motion to Dismiss") and requesting reasonable attorneys' fees associated with three unsuccessful depositions.  ECF No. 81.  On October 10, 2014, this Court granted Defendants' motion to dismiss, but granted the motion for attorneys' fees only for those fees related to the July 10, 2014, deposition, and "directed [Defendants] to submit an affidavit and/or other submission in support of specific fees and costs related to the deposition on July 10, 2014."  ECF No. 98, p. 15.  This Court also informed Plaintiff that she could respond via "objections to the amount of fees and/or reasonableness" and/or by "providing a factual basis on which the Court may find that the imposition of attorney's fees would be unfair.  *Id.*

Michael J. Neary, counselor for Defendants, filed his Affidavit on October 24, 2014, and alleges that Plaintiff owes $2,970 in attorneys' fees and costs.  Plaintiff filed her reply and Motion to Strike on November 3, 2014, and alleges that the July 1, 2014 hearing was scheduled in an improper manner, that the date of the July 10, 2014 deposition was unfair to Plaintiff, that the Affidavit does not provide required information in the correct form to determine the reasonableness of the claimed fees, and that the imposition of fees upon Plaintiff is unjust because she is unable to pay them.  This Court has already ruled and explained that the hearing and deposition were properly scheduled.  ECF No. 97, 98.  As such, this discussion will focus on whether Defendants and Mr. Neary together have demonstrated the reasonableness of the fees claimed in the proper form, whether Plaintiff has provided a factual basis upon which the Court may find the imposition of fees would be unfair, and what the reasonable fees and costs would be.

## II. Discussion

### a. *The motion for attorneys' fees is in the proper form.*

Plaintiff argues that the Affidavit does not provide sufficient information to determine the reasonableness of the fees and costs claimed because it does not cite legal authority, fails to provide the time spent and related hourly rates, and "contains a non-certified invoice from a digital evidence group." Motion to Strike, p. 7.

Our Local Rules govern the proper form for a motion for attorneys' fees. Specifically, they require that:

> "Any motion requesting the award of attorneys' fees must be supported by a memorandum setting forth the nature of the case, the claims as to which the party prevailed, the claims as to which the party did not prevail, a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, a listing of any expenditures for which reimbursement is sought, any additional factors which are required by the case law, and any additional factors that the attorney wishes to bring to the Court's attention."

Local Rule 109(2) (D. Md.) (July, 2014) (hereinafter "Local Rule 109(2)"). In Defendants motion to dismiss, they noted that "In March 2013, Plaintiff sued Montgomery Hospice, Inc. and Robert Washington, Ph.D, M. Div (collectively "the Hospice") for violations of the Fair Labor Standards Act and Maryland Wage and Hour Law." ECF No. 81-1, p. 2. I find that this language sufficiently "set[s] forth the nature of the case." Local Rule 109(2). In the Affidavit, Mr. Neary notes that "On October 10, 2014, this Court entered its Order granting Defendants attorneys' fees and costs incurred related to Plaintiff's failure to attend her Court Ordered July 10, 2014 deposition." Affidavit, p. 1. I find that this language sufficiently explains "the claims as to which the party prevailed" as relevant here. Local Rule 109(2).

The Affidavit provides a chart explaining the hours worked in preparation for and attendance of the deposition, which alleges that attorney Michael J. Neary spent 7.6 hours preparing for the deposition between July 7-July 10, 2014, and 1.9 hours attending the deposition on July 10, 2014. Affidavit, p. 2. I find that this represents a sufficiently "detailed description of the work performed." Local Rule 109(2).

Under the Local Rules, an attorney "admitted to the bar for five (5) to eight (8) years" may claim between $165-300 per hour of work as reasonable attorneys' fees. Local Rules, App. B(3) (D. Md.) (July, 2014). The Affidavit notes that Mr. Neary has been in private practice "since September 2007" and that Mr. Neary's "rate for this case is $260 per hour," which is "within the range set by this Court's Rules and Guidelines for Determining Attorneys' Fees in Certain Cases for an attorney admitted to the bar for seven years such as [Mr. Neary]." Affidavit, p. 1-2. This sufficiently explains "the attorney's customary fee for such like work" and "the customary fee for like work." Local Rule 109(2).

Finally, the Affidavit explains "Defendants incurred a cost of $500.00 for the [attendance] of a videographer and court reporter" at the July 10, 2014, deposition. Affidavit, p. 2. They also provided a receipt from the Digital Evidence Group, the company they scheduled to provide the transcript and video services, showing the aforementioned services were provided for $500. Affidavit, Ex. A. I find that this, in conjunction with the table in which Mr. Neary alleges he did $2,740 worth of legal work, sufficiently provides "a listing of any expenditures for which reimbursement is sought." Local Rule 109(2).

Plaintiff argues that the Affidavit is deficient because it does not cite legal authority. While a motion for attorneys' fees may, in some instances, require a review of "any additional factors which are required by the case law," no such factors are present in this case. Local Rule

109(2). Plaintiff also argues that the Affidavit fails to provide the time spent and related hourly rates, but, as noted above, I find that the Affidavit provides sufficient detail regarding the work done and when it was done.

Plaintiff argues that the Affidavit contains hearsay because it states that "Defendants do not seek to recovery (sic) for time" of Mr. Engel, a co-counselor on the case. Motion to Strike, p. 8. First, it should be noted that the Affidavit includes only the opinions of Mr. Neary, the affiant, and is therefore not hearsay. Fed. R. Evid. 801. Regarding whether Mr. Neary may express via affidavit that he believes Defendants are not seeking recovery for Mr. Engel's time, the Federal Rules of Civil Procedure provide guidance, and note that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). This statement is based on Mr. Neary's personal knowledge. It is admissible as it tends to prove that the reasonable attorney's fees are lower than they would be if Defendants were seeking recovery for Mr. Engel's time, which is of consequence to the overall scope of reasonable attorneys' fees. Fed. R. Evid. 401, 402. Finally, as a co-counselor to Mr. Engel and representative of Defendants, Mr. Neary is competent to testify on these matters. This statement is proper in the Affidavit.

Plaintiff argues that the Affidavit is deficient because it "fail[s] to clarify what amount Defense Counsel (sic) seeks for himself or the amount that he seeks for his clients." Motion to Strike, p. 8. This is not a requirement for a motion for attorneys' fees. Plaintiff argues that the Affidavit is deficient because it "contains a non-certified invoice from a digital evidence group." Motion to Strike, p. 7. First, it should be clarified that the invoice is not from *a* digital evidence group, but from a company called the "Digital Evidence Group." Moreover, Mr. Neary's

5

signature, under penalty of perjury and upon personal knowledge, that the contents of the affidavit, including the exhibit, are true and correct provides this Court with sufficient information to assess Defendants' entitlement to the costs claimed. Relatedly, Plaintiff argues that the affidavit "does not contain a certification by Defense Counsel and other witnesses that the fees that he seeks are reasonable and necessary." Motion to Strike, p. 8. Mr. Neary's signature on the Affidavit, as discussed above, and the Court's reliance on the Local Rules, provides such a certification.

For the foregoing reasons, I find that the Motion to Dismiss and Affidavit together provide sufficient information in the required form to constitute a proper motion for attorneys' fees and I therefore **DENY** Plaintiff's Motion to Strike.

  b. *The imposition of fees is fair.*

Plaintiff argues that an award of attorneys' fees is malicious "since the Defendants know that Plaintiff does not have the ability to pay." Motion to Strike, p. 9. Plaintiff argues that Defendants have not shown that they "would be [financially] prejudiced if the requested fees are not granted." *Id.* While "the trial court has broad discretion to reduce the fee award in light of mitigating factors, such as . . . the relative economic status of the litigants" (*Arnold v. Burger King Corp.*, 719 F.2d 63, 68 (4th Cir. 1983)), neither the trial court nor the moving party is required to consider the economic status of either the moving or the non-moving party. Plaintiff also argues that the imposition of fees would be unfair because "she does not have the ability to pay." Motion to Strike, p. 9. This Court previously explained to Plaintiff that more information is required to allow the Court to determine whether there is a *factual* basis upon which the Court may find the imposition of fees would be unfair. ECF No. 97. Plaintiff has failed to provide

such information.  For the foregoing reasons, other circumstances do not make an award of attorneys' fees unjust, and Defendants are entitled to reasonable attorneys' fees.

### c. *Defendants are entitled to $2,080.00 in attorneys' fees.*

Defendants claim $2,470.00 in attorneys' fees.  The Supreme Court has established a method, commonly called the "lodestar," for determining a reasonable fee.  The starting point in the lodestar calculation is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The Fourth Circuit has endorsed a list of twelve factors which aid a court in determining a reasonable fee:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).  This Court has noted that in ruling on an "award for a discovery dispute," such as this dispute for attorneys' fees related to a deposition, "the most relevant factors may be "the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys." *Davis v. Rouse*, No. 08-3106, 2012 WL 3059569 at * 3 (D. Md. 2012).  These factors are considered below.

   *1. Time and labor expended*

According to the Affidavit, Mr. Neary spent 7.6 hours preparing for the July 10, 2014, deposition and 1.9 hours attending said deposition. Affidavit, p. 2. The Affidavit does not explain why Mr. Neary spent 1.9 hours at a deposition of Plaintiff that Plaintiff did not attend. While I find that the 7.6 hours of preparation are reasonable in light of Mr. Neary's consistent efforts to work carefully with Plaintiff, who is appearing pro se, I do not find that the hours Mr. Neary spent waiting for Plaintiff to attend are reasonable. I find that Mr. Neary may claim a maximum of 8 hours—7.6 hours in preparation and 0.4 hours, or 24 minutes, waiting for Plaintiff to attend the deposition, for the purposes of determining reasonable attorneys' fees.

As such, I conclude that Mr. Neary is entitled to $2,080.00 in reasonable attorneys' fees.

   *2. The novelty and difficulty of the questions raised and legal skill required*

In preparing for the deposition, Mr. Neary did not work on a particularly novel or complex legal question. However, the record reflects that Mr. Neary has worked patiently and consistently with Plaintiff, a pro se litigant, to provide notice and explain legal matters. This care may be reflected in the number of hours Mr. Neary spent preparing for the deposition.

   *3. The experience, reputation, and ability of the attorneys*

Under our Local Rules, an attorney "admitted to the bar for five (5) to eight (8) years" may claim between $165-300 per hour of work as reasonable attorneys' fees. Local Rules, App. B(3) (D. Md.) (July, 2014). The Affidavit notes that Mr. Neary is a principal at the law firm of Lerch, Early & Brewer and has been in private practice "since September 2007," for seven years, and that Mr. Neary's "rate for this case is $260 per hour." Affidavit, p. 1-2. This rate is within the amount allowable under the Local Rules, and appears reasonable given Mr. Neary's reputation and experience as a principal at his firm.

*d. Defendants are entitled to $500.00 in costs.*

The Affidavit alleges that "Defendants incurred a cost of $500.00 for the [attendance] of a videographer and court reporter" at the July 10, 2014, deposition. Affidavit, p. 2. It also includes a receipt for $500.00 for these services. Affidavit, Ex. A. I find that these costs are reasonable and should be awarded to Defendants.

**III.    Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Strike and awards Defendants fees and costs against Plaintiff in the amount of $2,580.00.


January 26, 2015                                                      /s/
                                                                Charles B. Day
                                                                United States Magistrate Judge

CBD/sdh